IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,156-01






EX PARTE MICHAEL REA RUSH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W99-36979-I(A) IN CRIMINAL DISTRICT COURT NO. 2


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to twenty years' imprisonment. The Fifth Court of Appeals affirmed
his conviction. Rush v. State, No. 05-01-01653-CR (Tex. App.-Dallas, delivered October 30, 2003,
pet. ref'd).

 On November 15, 2006, we remanded this application and instructed the trial court to enter
findings of fact as to whether trial counsel was ineffective for (1) advising Applicant that he would
not have to register as a sex offender after he completed probation; (2) failing to investigate facts that
would have challenged the complainant's credibility; and (3) advising Applicant that if he pleaded not
guilty, he would be sentenced to twenty-five years to life. 

 On remand, the trial court concluded that counsel was not ineffective and recommended that
we deny Applicant's claims. We believe, however, that the record is not sufficient to resolve
Applicant's claim that counsel failed to investigate facts involving the credibility of the complainant.
In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.
Accordingly, the trial court shall hold a live evidentiary hearing in order to resolve Applicant's claim.

 Before holding the hearing, the trial court shall determine whether Applicant is indigent. If
he is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall then make further findings of fact as to whether the performance of trial
counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be
returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: April 18, 2007

Do not publish